UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHNNY TIPPINS,

       Petitioner,

                                    Civil No. 23-cv-10876

v.

                                    Honorable Mark A. Goldsmith
                                    United States District Judge

WILLIS CHAPMAN,

       Respondent.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING PETITION (Dkt. 1) AND DENYING MOTION TO EXPEDITE PETITION (Dkt. 8) AS MOOT**

Before the Court is Michigan prisoner Johnny Tippins's pro se petition for a writ of habeas corpus seeking relief under Title 28 of the United States Code 2254 (Dkt. 1) and Tippins's motion to expedite that petition (Dkt. 8). Tippins challenges his 2003 Wayne County Circuit Court bench-trial convictions of second-degree murder, Mich. Comp. L. § 750.317, felon in possession of a firearm, Mich. Comp. L. § 750.224f, and commission of a felony with a firearm, Mich. Comp. L. § 750.227b. Tippins also challenges his 2019 Chippewa County Circuit Court jury-based conviction of possessing a weapon as a prisoner, Mich. Comp. L. § 800.283(4). Because Tippins's habeas petition fails to comply with Habeas Rule 2(e), the Court dismisses the petition without prejudice. Because the Court is dismissing Tippins's petition, his motion to expedite the petition is denied as moot.

**I.    BACKGROUND**

**A. Petition Challenging Wayne County Convictions**

On January 10, 2003, the Wayne County Circuit Court found Tippins guilty of second-

degree murder, felon in possession of a firearm, and felony firearm. On January 28, 2003, the trial court sentenced Tippins to 26 to 50 years' imprisonment for his second-degree murder conviction and 1 to 5 years for his felon in possession conviction, to be served consecutively to 2 years' imprisonment for his felony firearm conviction. Tippins filed a direct appeal in the Michigan Court of Appeals, which affirmed his convictions and sentence, People v. Tippins, No. 247034 (Mich. Ct. App. April 9, 2002) (unpublished). Tippins did not file an application for leave to appeal in the Michigan Supreme Court.

On August 27, 2008, Tippins filed a habeas corpus petition pursuant to 28 U.S.C. § 2244. See Tippins v. Warren, No. 08-CV-13769 (E.D. Mich.). Tippins challenged his Wayne County convictions on the grounds that: (1) the trial judge made statements before trial that revealed her bias and denied Tippins his right to an impartial fact-finder; and (2) Tippins's trial and appellate counsel were ineffective for failing to raise the issue of the trial judge's bias. On March 15, 2011, the Honorable Patrick J. Duggan entered an order denying the petition on the basis that the petition was untimely and the claims lacked merit.

B. Petition Challenging Chippewa County Conviction

On January 23, 2019, following a one-day jury trial in the Chippewa County Circuit Court, Tippins was convicted of possessing a weapon as a prisoner. On February 26, 2019, the trial court sentenced Tippins as a fourth habitual offender, Mich. Comp. L. § 769.12, to a prison term of 4 to 20 years, to be served consecutively to the sentences he was serving at the time he committed the weapon possession offense. Tippins filed a direct appeal in the Michigan Court of Appeals, which affirmed his conviction and sentence. Tippins then filed an application for leave to appeal in the Michigan Supreme Court, which was denied.

On February 19, 2021, Tippins filed a habeas corpus petition under 28 U.S.C. § 2244 in

2

the United States District Court for the Western District of Michigan challenging his conviction on the basis that his constitutional rights were violated by a search and seizure based on incorrect information in an anonymous tip. See Tippins v. Parish, No. 21-CV-00172 (W.D. Mich.). The district court denied the petition on the basis that Tippins's claim was barred by the doctrine of Stone v. Powell, 428 U.S. 465 (1976).

### C. Present Petition

Before the Court is Tippins's habeas petition challenging his Wayne County Circuit Court and Chippewa County Circuit Court convictions for a second time. Tippins challenges his convictions on the grounds that (1) the Wayne County Circuit Court lacked subject-matter jurisdiction over his trial because no arrest warrant had been issued, no felony complaint was signed, and he was not arraigned on a felony information; (2) the jurisdictional defect in the Wayne County case divested the Chippewa County Circuit Court of its authority to try and convict Tippins of possessing a weapon in prison; and (3) the state courts erred by failing to grant Tippins relief based on a radical jurisdictional defect. Pet. at PageID.6–10 (Dkt. 1).

## II. DISCUSSION

Promptly after the filing of a habeas petition, the court must undertake a preliminary review of the petition to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court[.]" Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (Section 2254 Rules); see also 28 U.S.C. § 2243. If, after preliminary consideration, the court determines that the petitioner is not entitled to relief, the court must summarily dismiss the petition. See Section 2254 Rules; 28 U.S.C. § 2243; see also Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970) (holding that a district court has the duty to "screen out"

3

petitions that lack merit on their face). After undertaking the preliminary review required by Rule 4, the Court concludes that the habeas petition must be dismissed.

The federal habeas rules prohibit a petitioner from challenging the judgments of multiple courts in a single habeas petition. See Rule 2(e), Section 2254 Rules ("A petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court."); see also Rule 2(d), Section 2254 Rules ("A moving party who seeks relief from more than one judgment must file a separate motion covering each judgment.").

In this case, Tippins is clearly challenging two separate criminal prosecutions from different state courts in one habeas petition. He may not do so. His petition must therefore be dismissed.

### III. CERTIFICATE OF APPEALABILITY

Before Tippins may appeal this decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484–485 (2000). Reasonable jurists could not debate the correctness of the Court's procedural ruling. Accordingly, the Court denies a certificate of appealability.

The Court further concludes that an appeal from this decision cannot be taken in good faith. See Fed. R. App. P. 24(a). Accordingly, the Court denies leave to proceed in forma pauperis on appeal.

## IV.   CONCLUSION

For the reasons stated, the Court finds that Tippins cannot proceed on his habeas petition challenging the validity of both his Wayne County and Chippewa County convictions. Accordingly, the Court dismisses the petition for a writ of habeas corpus. This dismissal is without prejudice to Tippins challenging his state criminal proceedings in separate habeas petitions. The Court also DENIES AS MOOT Tippins's motion to expedite the petition.

It is further ordered that an appeal from this decision would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3). Accordingly, a certificate of appealability and leave to appeal in forma pauperis are denied.

IT IS SO ORDERED.

Dated:  November 27, 2023			s/Mark A. Goldsmith
       Detroit, Michigan			MARK A. GOLDSMITH
						United States District Judge