UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHNNY TIPPINS,

        Petitioner,

                                Case No. 23-cv-10876

                                Honorable Mark A. Goldsmith
                                United States District Judge

WILLIS CHAPMAN,

        Respondent.

_____/

**OPINION AND ORDER
(1) DENYING MOTION TO ALTER OR AMEND JUDGMENT (Dkt. 12),
(2) TRANSFERRING MOTION FOR LEAVE TO FILE SECOND OR
SUCCESSIVE PETITION TO THE SIXTH CIRCUIT (Dkt. 13),
AND (3) DENYING MOTION FOR PRELIMINARY INJUNCTION (Dkt. 14)**

      Before the Court are Petitioner's motions to alter or amend the judgment (Dkt. 12), for leave to file a second or successive petition (Dkt. 13), and for preliminary injunction (Dkt. 14). For the reasons stated below, the Court denies the motions to alter or amend the judgment and for preliminary injunction. The Court transfers the motion for leave to file a second or successive petition to the United States Court of Appeals for the Sixth Circuit.

### I.    BACKGROUND

      On April 17, 2023, Michigan prisoner Johnny Tippins filed a pro se petition for a writ of habeas corpus seeking relief under Title 28 of the United States Code 2254 (Dkt. 1). In the petition, he challenged his 2003 Wayne County Circuit Court bench-trial convictions of second-degree murder, Mich. Comp. L. § 750.317; felon in possession of a firearm, Mich. Comp. L. § 750.224f; and commission of a felony with a firearm, Mich. Comp. L. § 750.227b. He also challenged his

2019 Chippewa County Circuit Court jury-based conviction of possessing a weapon as a prisoner, Mich. Comp. L. § 800.283(4). Because Petitioner challenged two separate criminal prosecutions from different state courts, the Court dismissed the petition without prejudice for failing to comply with Habeas Rule 2(e). See Rule 2(e), Section 2254 Rules.

## II. DISCUSSION

### A. Motion to Alter or Amend the Judgment

Petitioner has filed a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59 (Dkt. 12). Under Rule 59(e), "[a] district court may alter or amend its judgment based on '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" Brumley v. UPS, 909 F.3d 834, 841 (6th Cir. 2018) (quoting Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv., 616 F.3d 612, 615 (6th Cir. 2010)). "Rule 59(e) allows for reconsideration," Howard v. United States, 533 F.3d 472, 475 (6th Cir. 2008), but "[a] motion under Rule 59(e) is not an opportunity to re-argue a case," Sault Ste. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 367, 374 (6th Cir. 1998) (punctuation modified). "A Rule 59 motion 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" Brumley, 909 F.3d at 841 (quoting Exxon Shipping Co. v. Baker, 554 U.S. 471, 486, n.5 (2008)). "The purpose of Rule 59(e) is 'to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings[.]'" Young v. Jindal, No. 21-12170, 2024 WL 459051, at *1 (E.D. Mich. Feb. 6, 2024) (quoting Howard, 533 F.3d at 475). "[D]istrict courts have considerable discretion in deciding whether to grant Rule 59 motions . . . ." Clark v. United States, 764 F.3d 653, 661 (6th Cir. 2014).

Here, the motion appears to be brought based on a clear error of law theory. Petitioner

2

concedes that his petition did not comply with Habeas Rule 2(e).  However, he argues that the Court should have afforded him the opportunity to cure the deficiency.  He further requests that the Court reopen the case so that he may amend his petition.  The Court disagrees that relief is warranted.

Petitioner filed a habeas petition challenging the judgments of more than one state court, directly contravening Habeas Rule 2(e). See Rule 2(e), Section 2254 Rules ("A petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court.").  A district court may dismiss without prejudice a habeas petition challenging convictions rendered in two different courts.  See Childress v. Booker, No. 5:09-cv-14677, 2009 WL 4730451, at *2 (E.D. Mich. Dec. 10, 2009) (dismissing without prejudice the habeas petition where the petitioner appeared to attack both his state-court and federal convictions simultaneously).  Therefore, the Court did not clearly err by dismissing the petition. Moreover, Petitioner cannot show that manifest injustice resulted from the dismissal.  Indeed, the Court informed Petitioner that he may re-file separate petitions challenging his Wayne County and Chippewa County convictions should he wish to do so.  Accordingly, Petitioner's motion to alter or to amend judgment is denied; Petitioner has not shown that granting relief under Rule 59(e) is warranted.  The case remains closed.

   B. Motion for Leave to File Second or Successive Petition

Petitioner has also filed a motion under 28 U.S.C. § 2244 for leave to file a second or successive habeas petition (Dkt. 13).  Petitioner challenges his 2003 Wayne County conviction on the grounds that the trial court lacked subject-matter jurisdiction over his trial because no arrest warrant had been issued, no felony complaint was signed, and he was not arraigned on a felony information.  Petitioner already challenged his Wayne County conviction in a prior habeas petition,

3

which was denied on the merits. See Tippins v. Warren, No. 08-cv-13769, 2011 WL 902106 (E.D. Mich. Mar. 15, 2011).

Before filing a second or successive petition for habeas corpus relief under 28 U.S.C. § 2254, a petitioner must move in the appropriate federal appeals court for an order authorizing the district court to consider the successive petition. 28 U.S.C. § 2244(b)(3)(A). A habeas petition is "second or successive" for purposes of 28 U.S.C. § 2244(b) if the petition challenges the same conviction challenged in a prior petition and the prior petition was decided on the merits. In re William Garner, 612 F.3d 533, 535 (6th Cir. 2010). Federal "district courts lack jurisdiction to consider 'second or successive' habeas applications without prior authorization from the appropriate Court of Appeals." Franklin v. Jenkins, 839 F.3d 465, 475 (6th Cir. 2016).

Petitioner has not obtained appellate authorization to file a second or successive habeas petition as required by 28 U.S.C. § 2244(b)(3)(A). Consequently, his motion for leave to file a second or successive habeas petition must be transferred to the Sixth Circuit for consideration under § 2244(b)(3)(A). See Moreland v. Robinson, 813 F.3d 315, 325 (6th Cir. 2016). Accordingly, the Court will order the Clerk of the Court to transfer the motion to the Sixth Circuit pursuant to 28 U.S.C. § 1631 (authorizing transfer of cases) and In re Sims, 111 F.3d 45, 47 (6th Cir. 1997) ("[W]hen a second or successive petition for habeas corpus relief . . . is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.").

**C. Motion for Preliminary or Permanent Injunction**

Lastly, Petitioner has filed a motion seeking preliminary injunctive relief (Dkt. 14). Because the motion primarily seeks habeas relief for the reasons set forth in his motion for leave

4

to file a second or successive petition, the Court will deny the motion as beyond the power of this Court to grant unless and until the Sixth Circuit authorizes a successive petition.

### III. CONCLUSION

For the reasons given in the discussion above, the Court denies Petitioner's motions to alter or amend the judgment (Dkt. 12) and for preliminary injunction (Dkt. 14).

It is further ordered that the Clerk of Court shall transfer Petitioner's motion for leave to file a second or successive habeas petition (Dkt. 13) to the United States Court of Appeals for the Sixth Circuit.

SO ORDERED.

Dated: September 9, 2024             s/Mark A. Goldsmith  
   Detroit, Michigan             MARK A. GOLDSMITH  
                             United States District Judge